UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICENTE ANTONIO LOPEZ,
(A220-715-538)

        Petitioner,

   v.

TODD M. LYONS, et al.,

        Respondents.

No.  2:25-cv-3174-DJC-CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner Vicente Antonio Lopez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on November 3, 2025, asserting his re-detention without a hearing violated the Due Process Clause of the Fifth Amendment and bringing claims under the Administrative Procedures Act. (ECF No. 1.) For the following reasons, the undersigned recommends the petition be granted, the preliminary injunctive relief already ordered be made permanent, and this case be closed.

Petitioner is a citizen and national of Nicaragua who entered the United States in April 2022. (ECF No. 1, ¶¶ 16, 63–64; ECF No. 6 at 1.) Shortly after his entry, Petitioner was detained by Customs and Border Enforcement. (ECF No. 1, ¶ 64; ECF No. 6 at 1.) Petitioner was released on his own recognizance on May 17, 2022, via an Order of Release on Recognizance. (ECF No. 6 at 1; ECF No. 7 at 6.) Petitioner asserts that since his release, he has complied with all

1

immigration requirements, including annual check-ins with ICE. (ECF No. 1, ¶ 65.) In April 2023, Petitioner filed an application for asylum, which remains pending. (Id. ¶ 66.) In July 2024, Petitioner filed an application for a U Visa based on a 2023 crime of which he was the victim. (Id. ¶ 67–68.) Petitioner was granted a bona fide determination on his U Visa application on December 20, 2024. (Id. ¶ 67.)

On October 17, 2025, Petitioner attended his annual check-in with ICE, during which he was detained. (ECF No. 1, ¶ 65; ECF No. 6 at 2.) Respondents state that this was done because Enforcement and Removal Operations determined that Petitioner was subject to expedited removal. (ECF No. 6 at 2.)

Petitioner filed the pending Petition on November 3, 2025. (ECF No. 1.) On the same day Petitioner filed a Motion for Temporary Restraining Order ("TRO"). (ECF No. 2.)

On November 7, 2026, the district judge assigned to this case granted the motion for TRO (ECF No. 8.) The district judge found it uncontested that Petitioner was originally detained in April 2022 and released on his own recognizance. (Id. at 4.) In finding Petitioner had established a likelihood of success on the merits, the district judge examined Petitioner's procedural due process claim, found Petitioner has a protected liberty interest under the Due Process Clause, and found the factors of Mathews v. Eldridge, 424 U.S. 319, 335 (1976) demonstrated he was entitled to procedural protections he had not received. (Id. at 6-7.)

The district judge ordered Petitioner released and Respondents were enjoined and restrained from re-arresting or re-detaining him absent compliance with constitutional protections. (ECF No. 1 at 9-10) Respondents were ordered to file any opposition to a preliminary injunction. (Id. at 10) Respondents submitted a Statement of Non-Opposition. (ECF No. 11.)

On December 2, 2025, the district judge granted a preliminary injunction ordering Respondents to not impose any additional restrictions on Petitioner and enjoining and restraining them from re-arresting or re-detaining Petitioner absent compliance with constitutional protections. (ECF No. 12.) The district judge referred this matter to the undersigned for further proceedings. (Id. at 2.)

////

2

On December 10, 2025, the undersigned ordered Respondents to file a response to the petition pursuant to 28 U.S.C. § 2243. On February 4, 2026, Respondents filed a response stating they oppose the petition on the grounds stated in their opposition to the motion for a TRO. (ECF No. 14.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary injunction and preliminary injunction, the undersigned recommends the petition for writ of habeas corpus be granted based on a finding that Respondents violated Petitioner's Fifth Amendment due process rights, consistent with the undersigned's decision in Rebolledo v. Chestnut, No. 1:25-CV-1904 CKD P, 2026 WL 218809, at *4 (E.D. Cal. Jan. 28, 2026), and recommendation in Esteban-Escalante v. Warden Mesa Verde ICE Process CTR, No. 1:26-CV-0096-DC-CKD P, 2026 WL 323041, at *3 (E.D. Cal. Feb. 6, 2026), report and recommendation adopted, 2026 WL 392393 (E.D. Cal. Feb. 12, 2026).

The undersigned further recommends that a permanent injunction be issued on the same terms as the preliminary injunction. Because the resolution of Petitioner's due process claim provides the relief requested, the court need not reach the claims under the Administrative Procedures Act.

In accordance with the above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas corpus be GRANTED.

2. The preliminary injunctive relief previously granted (ECF No. 12) be made permanent.

3. The Clerk of Court be directed to enter judgment for petitioner Vicente Antonio Lopez (A220-715-538) and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. Failure

to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 16, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 lope3174.mer

4